COLE, Circuit Judge,
dissenting.
Adopting the majority’s theory yields a particularly peculiar result. It would permit panels of this Court to reexamine and adopt arguments that previous panels had rejected, solely by questioning the logic of the previous panel’s decision. Because so doing jeopardizes the stability of our jurisprudence, for both future panels and future litigants, I respectfully dissent.
The majority’s thoughtful, comprehensive opinion compellingly questions the wisdom of permitting citizen groups to sue state regulators who fail to enforce emissions regulations. Permitting such private enforcement actions, given the comprehensiveness of the Clean Air Act’s regulatory scheme, would, as the majority makes clear, yield uncertainty and confusion. If the federal administrator deems a state enforcement agency not to be in compliance with its state implementation plan, the state has eighteen months to bring itself into compliance, lest it risk losing federal highway funds. 42 U.S.C. § 7509(a). Yet, a private group, like the plaintiffs in this case, could demand immediate injunctive relief without giving the state any time to correct its enforcement failings. The majority opinion, perhaps rightly so, seeks to preclude such enforcement confusion, given that “[t]he federal Clean Air Act is a model of cooperative federalism.” Ellis v. Gallatin Steel Co., 390 F.3d 461, 467 (6th Cir.2004).
My disagreement stems from the majority’s approaches to Highway Safety and to the deference that we owe to prior opinions. “A statute is passed as a whole and not in parts or sections and is animated by one general purpose and intent. Consequently, each part or section should be construed in connection with every other part or section to produce a harmonious whole.” 2A Sutherland Statutory Construction § 46:5 (7th ed.) (emphasis added). What the majority opinion seeks to do, then, is to have the word “violation” mean one thing under § 7413(a)(3), but something completely different under § 7604(a). To be sure, although “there is a natural presumption that identical words used in different parts of the same act are intended to have the same meaning,” Atl. Cleaners & Dyers v. United States, 286 U.S. 427, 433, 52 S.Ct. 607, 76 L.Ed. 1204 (1982), such a presumption can be overcome if it is clear that the legislature intended such divergence, id.
The majority argues that because Highway Safety discussed a different part of the CAA, that opinion’s definition of “violation” is “technically not binding on us here.” However, the majority fails to point to any legislative history that rebuts the presumption that words in the same statute have the same meaning. Instead, the majority seeks to distance itself from Highway Safety's holding by substituting its own interpretation of the CAA’s legisla *354 tive intent, and by drawing inferences of such intent from the overall scheme of the CAA. Importantly for our purposes, such arguments were equally applicable, and made and rejected, in Highway Safety. The majority opinion in Highway Safety examined the enforcement scheme of the CAA to determine if the relevant portion of the statute preferred a unimodal enforcement approach, and concluded that it did not. 635 F.2d 1195, 1201-04 (6th Cir. 1980) (“There is no indication in the legislative history that EPA is limited to proceeding under [only one section] in every situation where a state is an offending party.”).
“Sixth Circuit Rule 206(c) is unequivocal: Reported panel opinions are binding on subsequent panels. Thus, no subsequent panel overrules a published opinion of a previous panel. Court en banc consideration [or intervening Supreme Court authority] is required to overrule a published opinion of the court.” United States v. Lucido, 612 F.3d 871, 878 (6th Cir.2010) (Batchelder, C.J., dissenting) (internal quotation marks omitted). Which leads us to the real problem: The majority attempts to elude Highway Safety’s reach by insisting that developments in federalism theory require abandonment of that case’s holding. I am hard-pressed to believe that the penumbrae of cases like New York and Printz play such an abrogative role. Rule 206(c), a codification of the law-of-the-circuit doctrine, requires more than a belief that the Supreme Court, given current trends in jurisprudence, would overturn Highway Safety. There must be some precedential effect of the intervening authority that “requires” us to ignore our prior mandates. See Caswell v. City of Detroit Housing Com’n, 418 F.3d 615, 618 n. 1 (6th Cir.2005); United States v. Moody, 206 F.3d 609, 615 (6th Cir.2000) (“[T]he earlier determination is binding authority unless a decision of the United States Supreme Court mandates modification....”) (emphasis added); cf. Craft v. United States, 233 F.3d 358, 378 (6th Cir. 2000) (Gilman, J., concurring) (“The purpose of the intervening-controlling-authority exception is to allow a subsequent panel of this court to respond to a new precedent, unavailable to the prior panel, not just a new decision.”) rev’d on other grounds, 535 U.S. 274, 122 S.Ct. 1414, 152 L.Ed.2d 437 (2002). We are not so required here. See, e.g., Miller v. Gammie, 335 F.3d 889, 900 (9th Cir.2003) (restricting the overruling of prior precedent to when intervening Supreme Court law is “clearly irreconcilable”).
Lastly, after arguing that Highway Safety is inapplicable because it analyzes a different provision of the same statute, the majority reverses course and contends that Bennett, a case analyzing a wholly different statutory scheme, controls the outcome here. Such a tack is fraught with irony. Why is it that a Supreme Court case about the Endangered Species Act should inform our thinking on the CAA, but a prior binding panel opinion discussing the CAA does not? Mere similarity in language does not create binding precedent; it creates an inference that the interpretation of a word in one statute may apply to the interpretation of that word in another statute. But such inferences alone cannot trump this Court’s prior interpretation of that word in that statute.
The majority opinion is a fine example of nuanced and thoughtful writing, and an opinion which I likely would join, but for Highway Safety. Even if all of us doubt that case’s enduring vitality, as an individual panel, we are simply without power to abandon its effect. “[T]he law-of-the-circuit doctrine is derived from legislation and from the structure of the federal courts of appeals. Courts of appeals sit in panels, or divisions, of not more than three *355 judges pursuant to the authority granted in 28 U.S.C. § 46(c). The decision of a division is the decision of the court.” La-Shawm A. v. Barry, 87 F.3d 1389, 1395 (D.C.Cir.1996) (internal quotation marks omitted). It is, frankly, not up to us to decide if Highway Safety is a “bottle of dubious vintage.” Regardless of whether its “contents turned to vinegar,” we must plug our noses and drink.